**LOREN S. YOUNG, ESQ.**
Nevada Bar No. 7567
**LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
3960 Howard Hughes Parkway
Suite 200
Las Vegas, Nevada 89169
Telephone: (702) 257-1997
Facsimile: (702) 257-2203
lyoung@lgclawoffice.com

Attorneys for Defendant, RED ROCK R-WHEELERS, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAURA NEUMANN, an individual,<br><br>        Plaintiff,<br><br>v.<br><br><br>RED ROCK 4-WHEELERS, INC., a Utah Corporation; DOES 1 through 100; and ROES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY)** |

PLEASE TAKE NOTICE that Defendant RED ROCK 4-WHEELERS, INC. (hereinafter, "Defendant" or "Red Rock") hereby removes to this Court the state action described below, pursuant to 28 U.S.C. § 1441(b).

**I.      INTRODUCTION**

On or about November 7, 2019, an action was commenced in the District Court of Clark County, State of Nevada, where this case is pending entitled *Laura Neumann, an individual, v. Red Rock 4-Wheelers, Inc., a Utah Corporation; DOES 1 through 100; and ROES 1 through 100, inclusive*, Case No. A-19-805025-C ("Complaint"). (*See* Complaint, attached as Exhibit "A" to the Declaration of

1   Loren S. Young in Support of Red Rock 4-Wheelers, Inc.'s Notice of Removal of Action Under 28

2   U.S.C. § 1441(b) (Diversity) (hereinafter, "Young Decl.") at ¶2.)

3         Defendant was served with a copy of the Summons and Complaint on or about November 25,

4   2019. (Young Decl. at ¶¶3-4.)  A copy of the summons is attached as Exhibit "B" to Young Decl.

5   (Young Decl. at ¶3.)

6         The amount in controversy is not stated in the Complaint. (Ex. "A"; Young Decl. at ¶5.)  Instead,

7   the Complaint merely alleges that Plaintiff seeks general and special damages in excess of $15,000.00.

8   (Young Decl. at ¶5 and Ex. "A" at p. 4, lines 15-18; p. 6, line 6 thereto.)  However, Plaintiff has alleged

9   that on April 14, 2019 a driver of a jeep in an off-road event lost control of the jeep and struck Plaintiff

10   causing significant life changing injuries that will impact Plaintiff for the rest of her life.  (Ex. "A";

11   Young Decl. at ¶6.)  It is Defendant's understanding Plaintiff's alleged past medical bills are in excess

12   of $300,000 and further asserts punitive damages in the Complaint and, therefore, Plaintiff's medical

13   specials and claimed damages are in excess of $75,000.00.  (Id. at ¶6.)

14         Pursuant to 28 U.S.C. § 1332, this is a civil action of which this Court has original jurisdiction.

15   Moreover, this is an action that may be removed to this Court by Defendant pursuant to 28 U.S.C. §§

16   1441(b) and 1446(b)(3) [1].

17   **II.      REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL**

18   **JURISDICTION**

19         Except as otherwise expressly provided by Act of Congress, any civil action brought in a State

20   court of which the district courts of the United States have original jurisdiction, may be removed by the

21   defendant or the defendants, to the district court of the United States for the district and division

22   embracing the place where such action is pending.  (28 USCS § 1441.)

23         District courts have original jurisdiction of all civil actions where the matter in controversy: (1)

24   is between citizens of different States, and (2) exceeds the sum or value of $75,000.00, exclusive of

25   interest and costs.  (28 USCS § 1332.)  As set forth below, both of these requirements are met here.

26

27   [1] Defendant Red Rock voluntarily appears in this action for purposes of removal but reserves all objections, arguments, and
defenses to Plaintiff's Complaint.  Thus, this Notice of Removal is filed subject to and with reservation of rights by
28   Defendant Red Rock, including, but not limited to, defenses and objections to venue, improper service of process, personal
jurisdiction, and any other defenses Defendant Red Rock might pursue.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY)**

**A.    Complete Diversity of Citizenship Exists Between Plaintiff and Defendant**

As discussed below, complete diversity of citizenship exists in this matter between Plaintiff and Defendant because Plaintiff is a citizen of Nevada and Defendant is a citizen of Utah.

**1.    Plaintiff is a Citizen of Nevada.**

Plaintiff was and is a citizen of the State of Nevada.  (See Young Decl. at Ex. "A", ¶1.)

**2.    Defendant is a Citizen of Utah.**

For purposes of removal, a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. (28 USCS § 1332(c).)

Defendant was and is a corporation incorporated under the laws of the State of Utah, has its principal place of business in the State of Utah, and is the only defendant that has been served with summons and complaint in this action.  (Young Decl., ¶¶7-8; Declaration of Rex Holman ("Holman Decl."), served herewith at ¶¶2-6.)

At all times material hereto, Red Rock's corporate Headquarters and Executive Offices were and are located in Moab, Utah.  (Holman Decl. at ¶3.)  At all times material hereto, Red Rock's Executive Officers and senior management, including, but not limited to, the President, Vice President, Secretary and Treasurer, were and are located at Red Rock's Headquarters in Utah.  (Holman Decl. at ¶4.)

At all times material hereto, Red Rock's managerial and policymaking functions, including, but not limited to, finance, marketing, merchandising, legal, technology services, and human resources were and are performed at and promulgated from Red Rock's Headquarters in Utah.  (Holman Decl. at ¶5.)  At all times material hereto, Red Rock's corporate books, records, and accounts were and are created and maintained at Red Rock's Headquarters in Utah.  (Holman Decl. at ¶6.)

In the U.S. Supreme Court case of *The Hertz Corporation v. Friend*, 130 S.Ct. 1181,1186 (2010), Petitioner Hertz Corporation, which was headquartered in New Jersey and performed "core executive and administrative functions" in that state, operated facilities in 44 states, including California.  California accounted for 273 of the company's 1,606 car rental facilities, approximately 2,300 of its 11,230 full-time employees, approximately $811 million of its $4.371 billion in annual

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY)**

1  revenue, and about 3.8 million of its roughly 21 million annual rental transactions. (*Id.*)  The Ninth

2  Circuit affirmed the District Court's finding that Hertz' principal place of business was in California

3  due to the substantial amount of business activities within the state. (*Id*. at 1187.)

4       The Supreme Court vacated the Ninth Circuit Court's ruling and remanded the case for further

5  proceedings consistent with the Supreme Court's opinion, which was, specifically, that **the principal**

6  **place of business "refers to the place where the corporation's high level officers direct, control,**

7  **and coordinate the corporation's activities", or the "nerve center," which is typically sited at the**

8  **corporate headquarters**. (*Id*. at 1186 (emphasis added).)

9       The facts in *Hertz* are on point with those of the instant case.  As set forth above, Defendant is

10  headquartered in Utah and conducts its executive and administrative functions in Utah.  Thus, the

11  principal place of business, or the "nerve center," is located in Utah, where Defendant's high level

12  officers direct, control, and coordinate the corporation's activities.

13       DOES 1 through 100 and ROES 1 through 100 are wholly fictitious parties against whom no

14  relief is, or could be, sought in this action.  Pursuant to 28 U.S.C. § 1441(b)(1), this Court should

15  disregard the citizenship of any defendant sued under the fictitious names.  Accordingly, it is not

16  necessary for other parties to join in this Notice of Removal Action.

17       Since Plaintiff was and is a citizen of Nevada, Defendant was and is a citizen of Utah, and no

18  other parties will be joining in this removal action, the requirement for complete diversity of citizenship

19  is satisfied.

20            **B.    The Matter in Controversy Exceeds the Jurisdictional Amount**

21       As set forth above, in order for a case between diverse citizens to be removable based on

22  diversity jurisdiction, the amount in controversy must exceed $75,000.00, exclusive of interest and

23  costs. (28 USCS § 1332.)

24       Where, as here, it is unclear or ambiguous from the face of a state-court complaint whether the

25  requisite amount in controversy is pled, courts apply a preponderance of the evidence standard. (*See*

26  *e.g.*, *Guglielmino v. McKee Foods Corp*., 506 F.3d 696 (9th Cir. 2007).  The removing defendant bears

27  the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds

28  the jurisdictional amount. (*Id.*)  Under this burden, the defendant must provide evidence establishing

that it is more likely than not that the amount in controversy exceeds that amount. (*Id.*) "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." (*Petsmart v. Cohn*, 281 F.3d 837, 840 (9th Cir. 2002) internal citations omitted).)

Here, it is unclear from the face of Plaintiff's state-court complaint whether the requisite amount in controversy is pled. (Young Decl. at ¶5 and Ex. "A" thereto.) Nonetheless, based on a preponderance of the evidence, the $75,000.00 amount in controversy requirement found in 28 U.S.C. § 1332 is satisfied in this instance for the following reasons, which are described more fully above:

- Plaintiff has alleged that she was struck by a vehicle causing significant life changing injuries that will impact Plaintiff for the rest of her life. (Ex. "A"; Young Decl. at ¶6).

Based on the above, Red Rock submits that it is more likely than not that Plaintiff's claims meet the amount in controversy amounts.

### III.   REMOVAL IS TIMELY

This Notice of Removal is filed less than one (1) year after commencement of the action and in that regard is timely pursuant to 28 U.S.C. § 1446(c). (Young Decl., ¶9.)

The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. (28 U.S.C § 1446(b)(1).)

Where the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or "other paper" from which it may first be ascertained that the case is one which is or has become removable. (28 U.S.C. § 1446(b)(3).) A pre-suit settlement letter can be considered "other paper" pursuant to 28 U.S.C. § 1446(b)(3) when the letter appears to reflect a reasonable estimate of the plaintiff's claim. (28 U.S.C. § 1446(b)(3): *see also, e.g., Central Iowa Agri-Systems v Old Heritage Advertising & Publishers, Inc.* (1989, SD Iowa) 727 F. Supp. 1304; *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).)

///

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY)**

Here, this Notice of Removal has been filed within thirty (30) days after service of Plaintiff's Complaint and within (30) days after it became first ascertained that the amount in controversy requirement is satisfied based on Plaintiff's traumatic injuries resulting in medical specials in excess of $75,000.00.  (Young Decl. at ¶6.)  Therefore, this Notice of Removal is also timely pursuant to 28 U.S.C. § 1446(b).

## IV.    NOTICE OF REMOVAL SERVED ON ALL ADVERSE PARTIES

Pursuant to 28 U.S.C. § 1446(d), Defendant is serving a written notice of the removal to all adverse parties, including Plaintiff, and will file a copy of the notice with the clerk of the Eighth Judicial District Court, County of Clark, State of Nevada, where this action is currently pending.  (Young Decl. at ¶11.)

## V.    CONCLUSION

The requirements for complete diversity of citizenship and the requisite amount in controversy are satisfied in this case.  Therefore, this Court has subject matter jurisdiction and removal is proper. Accordingly, Defendant respectfully requests this action be removed from the District Court of Clark County, State of Nevada, to the United States District Court for the District of Nevada, pursuant to 28 U.S.C. § 1441(b).

Defendant Red Rock reserves the right to amend or supplement this Notice of Removal, and Red Rock reserves all defenses.

Defendant Red Rock also requests a trial by jury. (*See* Demand for Jury Trial, filed herewith.)

**WHEREFORE,** Defendant Red Rock 4-Wheelers, Inc. prays that this case be removed from the District Court of Clark County, State of Nevada, to this Court for the exercise of jurisdiction over

///
///
///
///
///
///
///

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY)**

1   this action as though this case had been originally instituted in this Court and that no further proceedings

2   be had in the District Court of Clark County, State of Nevada.

3       DATED this __16__ day of December, 2019.

4                                   **LINCOLN, GUSTAFSON & CERCOS, LLP**

5

6

7                                   LOREN S. YOUNG, ESQ.
                                    Nevada Bar No. 7567
8                                   3960 Howard Hughes Parkway, Suite 200
                                    Las Vegas, Nevada 89169
9                                   Attorneys for Defendant,
                                    RED ROCK 4-WHEELERS, INC.

10   v:\k-o\neumann_redrock\atty notes\drafts\pldgs\20191210_notc_removal_lsy.docx

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (b) (DIVERSITY)**